IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

**CHRISTOPHER TERRY**
2061 Cezanne Road
West Palm Beach, FL 33409

                Plaintiff

  vs.

Case No. _____

**PURCO FLEET SERVICES, INC.**
136 S. Main Street
Spanish Fork, UT 84660

**MIDWEST CAR CORPORATION**
**d/b/a ALAMO RENT A CAR**
1450 Delanglade Street
Kaukauna, WI 54130

                Defendants

## COMPLAINT

Plaintiff, Christopher Terry, by and through his attorneys, Hawks Quindel, S.C., and Nicholas C. Fairweather and David C. Zoeller, and for its Complaint against the Defendants, Purco Fleet Services, Inc. and Midwest Car Corporation d/b/a Alamo Rent A Car, complains as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over Plaintiff's claim pursuant to the 15 U.S.C. § 1692k(d). The Court has pendent jurisdiction over Plaintiff's Wisconsin state law claims pursuant to 28 U.S.C. § 1367.

2. Venue is proper, pursuant to § 28 U.S.C. § 1391(b) and (c) because the consumer transaction on which Defendant is attempting to collect was executed in this district and Defendant does business in this district.

## PARTIES

3. Christopher Terry ("Terry") is an adult resident of the State of Florida. Terry's mailing address is 2061 Cezanne Road, West Palm Beach, Florida, 33409. At all times relevant to this Complaint, Terry was a "customer" as defined by the Wisconsin Consumer Act and a "consumer" as defined by the federal Fair Debt Collection Practices Act ("FDCPA")

4. Defendant PurCo Fleet Services, Inc. ("PurCo") is, upon information and belief, a company organized and operated under the laws of the State of Utah. Its principal place of business is located at 136 S. Main Street, Spanish Fork, Utah 84660. PurCo is a "debt collector" as defined by the FDCPA and by Wis. Stat. § 427.103(3). PurCo's registered agent for service is David E. Purinton, 136 South Main Street, Spanish Fork, Utah 84660.

5. Defendant Midwest Car Corporation ("Midwest Car") is, upon information and belief, a company organized and operated under the laws of the State of Wisconsin with a principal place of business located at 1450 Delanglade Street, Kaukauna, WI, 54130. Midwest Car is a "debt collector" as that term is defined by Wis. Stat. § 427.103(3). Midwest Car's registered agent for service is James R. Gustman, 1450 Delanglade Street, P.O. Box 560, Kaukauna, Wisconsin, 54130-0560.

## FACTS

6.  On June 30, 2008, Terry flew from his home in West Palm Beach, Florida to Wausau, Wisconsin to attend his father's funeral.

7.  Upon his arrival in Wausau, Terry rented a car from Midwest Car, the airport's Alamo Car Rental franchisee. The rental transaction was a "consumer transaction" as defined by Wis. Stat. § 421.301(13).

8.  The car, a Pontiac "Vibe" with 32,500 miles on it (the "Rental Car"), was in poor condition at the time that Terry picked it up from the airport parking lot. Terry used the Rental Car and returned it at the end of his trip.

9.  On August 14, 2008, PurCo Claims Specialist Christian Hyer ("Hyer") sent a letter to Terry, acknowledging Terry's dispute with PurCo's collection effort. Hyer wrote: "After careful consideration, we believe the claim is valid and will continue to pursue full payment of the claim." Hyer demanded payment of $1,800.13. This letter did not contain two estimates from competing repair shops. This letter is attached as Exhibit A to this complaint.

10. On August 21, 2008, Hyer, on behalf of PurCo, again wrote to Terry, demanding payment of $1,447.63 to resolve PurCo's claim against Terry. This letter did not contain two estimates from competing repair shops. This letter is attached as Exhibit B to this complaint.

11. On September 20, 2008, PurCo Senior Claims Specialist Amy Davis ("Davis") wrote to Terry, demanding payment of $1,447.63. This letter did not contain

two estimates from competing repair shops. This letter is attached as Exhibit C to this complaint.

12. On March 26, 2009, Davis, on behalf of Defendants, wrote to Terry again demanding payment from Terry to PurCo in the amount of $1,447.63. Davis warned that a negative credit report would be submitted to a credit reporting agency if he did not pay the amount in ten (10) days. This letter did not contain two estimates from competing repair shops. This letter is attached as Exhibit D to this complaint.

13. On April 30, 2009, Davis wrote to Terry again, informing him that PurCo's claim for $1,447.63 had "been turned over to [PurCo's] collection department." This letter did not contain two estimates from competing repair shops. This letter is attached as Exhibit E to this complaint.

14. At no time did PurCo give notice to Terry that he had the right to inspect the Rental Car before any repairs were completed.

15. As a result of the above, Plaintiff has experienced actual damages including headaches and anxiety.

## PLAINTIFF'S FIRST CAUSE OF ACTION: VIOLATION OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT AGAINST PURCO

16. Plaintiff realleges and incorporates by reference paragraphs 1 through 16, above.

17. Wis. Stat. § 344.574(4)(a) prohibits auto rental companies from collecting or attempting to collect for damage to a private passenger vehicle from a renter

4

unless the rental company allows the renter the opportunity to inspect the unrepaired rented passenger vehicle within 2 working days after the rental company is notified of the damage.

18. Wis. Stat. § 344.574(4)(b) requires an auto rental company to obtain an estimate of the costs of repairing a damaged private passenger vehicle, make a copy of the estimate available upon request to the renter and to submit a copy of the estimate with any claim to collect for a damaged private passenger vehicle.

19. Purco knew or had reason to know that it is precluded by law from attempting to collect on a debt when it did not comply with Wis. Stat. §§ 344.57(a) and (b).

20. Purco failed to comply with Wis. Stat. §§ 344.574(a) and (b) yet initiated and continued collection attempts against Terry.

21. Purco misrepresented the legal status of the debt asserted against Terry and such misrepresentation was material and would mislead the least sophisticated consumer, all in violation of 15 U.S.C. § 1692e.

### PLAINTIFF'S SECOND CAUSE OF ACTION: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, AGAINST DEFENDANT PURCO FLEET SERVICES, INC.

22. Plaintiff realleges and incorporates by reference paragraphs 1 through 22, above.

23. Purco collected and attempted to collect an amount that is not permitted by law.

5

24. Defendant Purco Fleet Services, Inc.'s conduct violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692f(1).

## PLAINTIFF'S THIRD CAUSE OF ACTION: VIOLATION OF THE WISCONSIN CONSUMER ACT AGAINST ALL DEFENDANTS

25. Plaintiff realleges and incorporates by reference paragraphs 1 through 25, above.

26. By claiming or attempting or threatening to enforce a right with knowledge or reason to know that the right does not exist, Defendants have violated the Wisconsin Consumer Act, Wis. Stat. § 427.104(1)(j).

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendants for the following:

A. Declaratory judgment that defendants' conduct violated the FDCPA and the Wisconsin Consumer Act and that the alleged underlying debt is void;

B. An order directing Defendants, as furnishers of credit information, to take all steps to expedite and facilitate the removal and withdrawal of any negative credit information regarding Plaintiff from all credit reporting agencies;

C. Actual damages;

D. Statutory damages pursuant to 15 U.S.C. § 1692k;

E. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k and Wis. Stat. § 425.308;

F. For such other and further relief as may be just and proper.

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury on all issues triable by jury.

Dated this 9th day of February 2010.

**HAWKS QUINDEL, S.C.**

By: _____/s/ Nicholas E. Fairweather_____
      Nicholas E. Fairweather, State Bar No. 1036681
      Email: nfairweather@hq-law.com
      David C. Zoeller, State Bar No. 1052017
      Email: dzoeller@hq-law.com
      222 West Washington Avenue, Suite 450
      Post Office Box 2155
      Madison, Wisconsin 53701-2155
      Telephone: 608/257-0040
      Facsimile: 608/256-0236

      Attorneys for Plaintiff, Christopher Terry